TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00127-CR






Fernando Sanchez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 01-1031-K368, HONORABLE BURT CARNES, JUDGE PRESIDING






O R D E R


PER CURIAM

This Court has received a partial clerk's record in this cause reflecting that appellant
gave notice of appeal after being convicted by a jury of possessing a controlled substance with intent
to deliver and sentenced to life imprisonment. Sentence was imposed on January 31, 2003. The
district court was therefore obligated to "enter a certification of the defendant's right of appeal." 
Tex. R. App. P. 25.2(a)(2). The partial record contains the court's certification that this "is a plea-bargain case, defendant waived whatever right to appeal might have existed, the trial court has not
given permission to appeal, and the defendant has no right of appeal."

This certification does not conform the form promulgated by the court of criminal
appeals in the order adopting the recent appellate rules amendments. See 66 Tex. B.J. 166, 168. 
Moreover, the statement that this is a plea-bargain case appears to conflict with the district court's
judgment, which reflects that appellant was tried, convicted, and sentenced by a jury on a plea of not
guilty. There is also no waiver of appeal in the partial record now before us. Finally, the
certification does not bear the signature of appellant's counsel.

The district court is ordered to prepare a certification of the defendant's right of
appeal that substantially conforms with the form promulgated by the court of criminal appeals, to
present the certification to appellant's counsel for her signature, and to file the completed and signed
certification with the district clerk. Tex. R. App. P. 34.5(c), 37.1. Upon receipt of the court's
revised certification of the defendant's right of appeal, the district clerk shall prepare a complete
clerk's record. Tex. R. App. P. 34.5(a). The clerk's record shall be tendered for filing no later than
March 28, 2003.

It is ordered March 6, 2003.


Before Chief Justice Law, Justices B. A. Smith and Puryear

Do Not Publish